# IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARK SMOLKA, §
§ No. 500, 2014
    Defendant-Below, Appellant, §
§ Court Below – Superior Court
v. § of the State of Delaware, in and
§ for New Castle County
STATE OF DELAWARE, §
§ Cr. ID No. 1308022148
    Plaintiff-Below, Appellee. §

Submitted: November 6, 2015
Decided: November 9, 2015

Before **HOLLAND**, **VAUGHN,** and **SEITZ**, Justices.

## <u>ORDER</u>

This 9th day of November, 2015, it appears to the Court that:

(1)    On September 9, 2014, Mark Smolka appealed his conviction for possession of a firearm by a person prohibited. He claimed on appeal that the trial court erred when it found that he waived his right to suppress evidence found during a search because he failed to attend the suppression hearing. Smolka also claimed that the Superior Court erred by refusing to instruct the jury on a "lesser of evils" defense.

(2)    On June 23, 2015, we held that a defendant's voluntary failure to appear at a suppression hearing waived his right to be present at the hearing, but

did not waive the defendant's constitutional right to challenge evidence as unlawfully obtained. We remanded the case to Superior Court to conduct a suppression hearing, and did not reach the second issue raised on appeal. We also retained jurisdiction over the appeal.

(3) Despite being notified of the date by counsel, Smolka once again failed to attend at the evidentiary hearing. The court noted that Smolka was at the time of the evidentiary hearing a fugitive from justice, having failed to appear as required by the conditions of his probation. The Superior Court conducted an evidentiary hearing in his absence, and in an August 19, 2015 order, the court denied Smolka's motion to suppress.

(4) Upon return of the case to this Court, we issued a rule to show cause to Smolka's counsel why the appeal should not be dismissed because Smolka is a fugitive and has forfeited his right to pursue this appeal. On November 6, 2015, Smolka's counsel confirmed that there is a warrant for a violation of probation on the underlying offense in this appeal because Smolka is an absconder from probation. Counsel also confirmed that Smolka has voluntarily left the jurisdiction.

(5) A fugitive from justice has no right to pursue an appeal to this Court. *See Redden v. State*, 418 A.2d 996, 997 (Del. 1980), *citing Crawford v. State*, 94 A.2d 603 (Del. 1953) (a fugitive has no right to appellate procedures while he

2

remains a fugitive).  Smolka has forfeited his right to continue with this appeal, and the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice